# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VERONICA SHEP, individually and on behalf of all others similarly situated, | **CLASS ACTION** |
| *Plaintiff*, | **CASE NO.** |
| vs. | **JURY TRIAL DEMANDED** |
| SIGNIFY HEALTH, LLC, | |
| *Defendant*. | |

## CLASS ACTION COMPLAINT

Plaintiff Veronica Shep brings this action against Defendant Signify Health, LLC, and alleges as follows upon personal knowledge as to Plaintiff and Plaintiff's own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's attorneys.

## NATURE OF THE ACTION

1. This is a putative class action under the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*., ("TCPA"), and its implementing regulations.

2. Defendant is a healthcare company that primarily provides in-home healthcare services.

3. To market its services, Defendant engages in prerecorded telemarketing to consumers without their consent, and even if their telephone numbers are on the National Do-Not-Call Registry.

4. Through this action, Plaintiff seeks injunctive relief to halt Defendant's unlawful conduct which has resulted in the invasion of privacy, harassment, aggravation, and disruption of the

daily life of thousands of individuals. Plaintiff also seeks statutory damages on behalf of herself and members of the class, and any other available legal or equitable remedies.

## JURISDICTION AND VENUE

5. Jurisdiction is proper under 28 U.S.C. § 1331 as Plaintiff alleges violations of a federal statute. Jurisdiction is also proper under 28 U.S.C. § 1332(d)(2) because Plaintiff alleges a national class, which will result in at least one class member belonging to a different state than that of Defendant. Plaintiff seeks up to $1,500.00 (one-thousand-five-hundred dollars) in damages for each call in violation of the TCPA, which, when aggregated among a proposed class numbering in the tens of thousands, or more, exceeds the $5,000,000.00 (five-million dollars) threshold for federal court jurisdiction under the Class Action Fairness Act ("CAFA"). Therefore, both the elements of diversity jurisdiction and CAFA jurisdiction are present.

6. Defendant is subject to personal jurisdiction in Pennsylvania because this suit arises out of and relates to Defendant's contacts with this state. Defendant initiated and directed, or caused to be initiated and directed by its agent(s), prerecorded voice calls into Pennsylvania in violation of the TCPA. Plaintiff received Defendant's calls while residing in and physically present in Pennsylvania.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c) because Defendant is deemed to reside in any judicial district in which it is subject to the court's personal jurisdiction, and because Defendant provides and markets its services within this district thereby establishing sufficient contacts to subject it to personal jurisdiction.

## PARTIES

8. Plaintiff is a natural person who, at all times relevant to this action, was a resident of Lancaster, Pennsylvania.

9. Defendant is a Texas limited liability company with its headquarters located at 4055 Valley View Lane, Ste. 400, Dallas, Texas 75244.

## THE TCPA

10. The TCPA prohibits: (1) any person from calling a cellular telephone number; (2) using an automatic telephone dialing system or an artificial or prerecorded voice; (3) without the recipient's prior express consent. 47 U.S.C. § 227(b)(1)(A).

11. The TCPA exists to prevent communications like the ones described within this Complaint. "Voluminous consumer complaints about abuses of telephone technology—for example, computerized calls dispatched to private homes—prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

12. In an action under the TCPA, a plaintiff must only show that the defendant "called a number assigned to a cellular telephone service using an automatic dialing system or prerecorded voice." *Breslow v. Wells Fargo Bank, N.A.*, 857 F. Supp. 2d 1316, 1319 (S.D. Fla. 2012), *aff'd*, 755 F.3d 1265 (11th Cir. 2014).

## FACTS

13. Between September 2020 and December 2020, Defendant caused various calls with a prerecorded voice to be transmitted to Plaintiff's cellular telephone number ending in 6731 (the "6731 Number").

14. The prerecorded calls at issue were transmitted to Plaintiff's 6731 Number, and within the time frame relevant to this action.

15. The purpose of Defendant's calls to Plaintiff was to market, advertise, and/or promote Defendant's in-home healthcare services.

16. At no point in time did Plaintiff provide Defendant with her express consent to be contacted on the 6731 Number with a prerecorded voice.

17. Plaintiff never provided Defendant with the 6731 Number for any reason.

18. Plaintiff never knowingly released the 6731 Number to Defendant for any reason.

19. Plaintiff is the subscriber and sole user of the 6731 Number and is financially responsible for phone service to the 6731 Number.

20. Plaintiff has been registered on the National Do Not Call Registry since September 23, 2011.

21. Plaintiff utilizes the 6731 as her personal and residential number, and not for business purposes.

22. Upon information and belief, Defendant caused other prerecorded messages to be sent to individuals residing within this District.

23. Defendant's unsolicited prerecorded calls caused Plaintiff actual harm, including invasion of his privacy, aggravation, annoyance, intrusion on seclusion, trespass, and conversion.

24. Furthermore, Defendant's voice messages took up memory on Plaintiff's cellular phone. The cumulative effect of unsolicited voice messages like Defendant's poses a real risk of ultimately rendering the phone unusable for voice messaging purposes as a result of the phone's memory being taken up.

## CLASS ALLEGATIONS

## PROPOSED CLASSES

25. Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23, on behalf of herself and all others similarly situated.

26. Plaintiff brings this case on behalf of the following classes:

> **No Consent Class: All persons within the United States who, within the four years prior to the filing of this Complaint, were sent a call using an artificial or prerecorded voice, from Defendant or anyone on Defendant's behalf, to said person's telephone number, for the purpose of advertising and/or promoting Defendant's property, goods, and/or services.**
>
> **Do Not Call Registry Class: All persons in the United States who from four years prior to the filing of this action (1) were sent a call by or on behalf of Defendant; (2) more than one time within any 12-month period; (3) where the person's telephone number had been listed on the National Do Not Call Registry for at least thirty days; (4) for the purpose of advertising and/or promoting Defendant's products and services.**

27. Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class, but believes the Class members number in the several thousands, if not more.

## NUMEROSITY

28. Upon information and belief, Defendant has placed prerecorded calls to telephone numbers belonging to thousands of consumers throughout the United States without their consent. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

29. The exact number and identities of the Class members are unknown at this time and can only be ascertained through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's call records.

**COMMON QUESTIONS OF LAW AND FACT**

30. There are numerous questions of law and fact common to the Class which predominate over any questions affecting only individual members of the Class. Among the questions of law and fact common to the Class are:

> (1) Whether Defendant made non-emergency prerecorded calls to Plaintiff's and Class members' telephones;
>
> (2) Whether Defendant can meet its burden of showing that it obtained consent to make such calls;
>
> (3) Whether Defendant's conduct was knowing and willful;
>
> (4) Whether Defendant is liable for damages, and the amount of such damages; and
>
> (5) Whether Defendant should be enjoined from such conduct in the future.

31. The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendant routinely transmits prerecorded messages to telephone numbers is accurate, Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

**TYPICALITY**

32. Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

## ADEQUACY

33. Plaintiff is a representative who will fully and adequately assert and protect the interests of the Class, and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

34. In addition, Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions, including those involving violations of the TCPA. Plaintiff and her counsel are committed to vigorously prosecuting this action on behalf of the other respective members of the Class and have the financial resources to do so. Neither Plaintiff nor her counsel have any interests adverse to those of the other members of the Class.

## PROCEEDING VIA CLASS ACTION IS SUPERIOR AND ADVISABLE

35. A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit, because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Class are in the millions of dollars, the individual damages incurred by each member of the Class resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

36. The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not. Additionally, individual actions may be dispositive of the interests of the Class, although certain class members are not parties to such actions.

# COUNT I
# VIOLATION OF 47 U.S.C. § 227(b)
# (On Behalf of Plaintiff and the Class)

37. Plaintiff re-alleges and incorporates the foregoing allegations as if fully set forth herein.

38. It is a violation of the TCPA to make "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice … to any telephone number assigned to a … cellular telephone service …." 47 U.S.C. § 227(b)(1)(A)(iii), and "to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party…" 47 U.S.C. § 227(b)(1)(B).

39. Defendant transmitted calls using an artificial or prerecorded voice to the telephone numbers of Plaintiff and members of the Class.

40. Plaintiff and members of the Class did not provide their telephone numbers to Defendant.

41. Plaintiff and members of the Class did not provide Defendant with their consent to receive prerecorded calls.

42. Plaintiff and members of the Class did not knowingly release their telephone numbers to Defendant.

43. Defendant did not have prior express consent to call the telephones of Plaintiff and the other members of the putative Class when the calls were made.

44. Defendant has, therefore, violated § 227(b)(1)(A)(iii) and § 227(b)(1)(B) of the TCPA by using an artificial or prerecorded voice to make non-emergency telephone calls to the

telephones of Plaintiff and the other members of the putative Class without their prior express consent.

48. Defendant knew that it did not have prior express consent to make these calls, and knew or should have known that it was using an artificial or prerecorded voice. The violations were therefore willful or knowing.

46. As a result of Defendant's conduct and pursuant to § 227(b)(3) of the TCPA, Plaintiff and the other members of the putative Class were harmed and are each entitled to a minimum of $500.00 in damages for each violation. Plaintiff and the class are also entitled to an injunction against future calls. *Id*.

47. Because Defendant knew or should have known that Plaintiff and the other members of the putative Class had not given prior express consent to receive its prerecorded calls to their cellular telephones the Court should treble the amount of statutory damages available to Plaintiff and the other members of the putative Class pursuant to § 227(b)(3) of the TCPA.

### COUNT II
### Violations of 47 C.F.R. § 64.1200
### (On Behalf of Plaintiff and the No Consent Class)

48. Plaintiff re-alleges and incorporates paragraphs 1 – 36, above, as if fully set forth herein.

49. It is a violation of the TCPA regulations promulgated by the FCC to "initiate any telephone call…using an…artificial or prerecorded voice…To any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call," without the recipient's express consent, and without their express written consent if the call introduces and advertisement or constitutes telemarketing. 47 C.F.R. § 64.1200(a)(1)(iii) and (a)(2).

50. Additionally, it is a violation of the TCPA regulations promulgated by the FCC to "[i]nitiate any telephone call to any residential line using an artificial or prerecorded voice to deliver a message without the prior express written consent of the called party…" 47 C.F.R. § 64.1200(a)(3).

51. Defendant transmitted calls using an artificial or prerecorded voice to the telephone numbers of Plaintiff and members of the putative class without their prior consent.

52. Defendant has, therefore, violated §§ 64.1200(a)(1)(iii), 64.1200(a)(2), and 64.1200(a)(3) by using an artificial or prerecorded voice to make non-emergency telephone calls to the telephones of Plaintiff and the other members of the putative Class without their consent.

53. Defendant knew that it did not have prior consent to make these calls, and knew or should have known that it was using an artificial or prerecorded voice. The violations were therefore willful or knowing.

54. As a result of Defendant's conduct and pursuant to § 227(b)(3) of the TCPA, Plaintiff and the other members of the putative Class were harmed and are each entitled to a minimum of $500.00 in damages for each violation. Plaintiff and the class are also entitled to an injunction against future calls. *Id.*

55. Because Defendant knew or should have known that Plaintiff and the other members of the putative Class had not given prior express consent to receive its prerecorded calls to their telephones the Court should treble the amount of statutory damages available to Plaintiff and the other members of the putative Class pursuant to § 227(b)(3) of the TCPA.

**COUNT III**
**Violations of 47 C.F.R. § 64.1200**
**(On Behalf of Plaintiff and the Do Not Call Registry Class)**

56. Plaintiff re-alleges and incorporates paragraphs 1 – 36, above, as if fully set forth herein.

57. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c)(2), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

58. 47 C.F.R. § 64.1200(d) further provides that "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity."

59. 47 C.F.R. § 64.1200(e), provides that § 64.1200(c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers."[1]

60. Defendant violated 47 C.F.R. § 64.1200(c) and 47 C.F.R. § 64.1200(d) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers, such as Plaintiff and members of the Do Not Call Registry Class, who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government, and by failing to institute procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity.

61. As a result of Defendant's conduct and pursuant to § 227(b)(3) of the TCPA, Plaintiff and the other members of the putative Class were harmed and are each entitled to a minimum of $500.00 in damages for each violation. Plaintiff and the class are also entitled to an injunction against future calls. *Id*.

---

[1] *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003) Available at https://apps.fcc.gov/edocs_public/attachmatch/FCC-03-153A1.pdf

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Classes, prays for the following relief:

a) An order certifying this case as a class action on behalf of the Classes as defined above, and appointing Plaintiff as the representative of the Classes and Plaintiff's counsel as Class Counsel;

b) An award of actual and statutory damages for Plaintiff and each member of the Classes;

c) As a result of Defendant's negligent violations of 47 U.S.C. §§ 227, *et seq.*, and its implementing regulations, Plaintiff seeks for herself and each member of the Class $500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. § 277(b)(3);

d) As a result of Defendant's knowing and/or willful violations of 47 U.S.C. §§ 227, *et seq.*, and its implementing regulations, Plaintiff seeks for herself and each member of the Classes treble damages, as provided by statute, up to $1,500.00 for each and every violation pursuant to 47 U.S.C. § 277(b)(3)(B) and § 277(b)(3)(C);

e) An order declaring that Defendant's actions, as set out above, violate the TCPA and its implementing regulations;

f) An injunction requiring Defendant to cease all unsolicited prerecorded calling activity, and to otherwise protect the interests of the Classes;

g) An injunction prohibiting Defendant from using, or contracting the use of, prerecorded calls without obtaining, recipient's consent to receive calls made with such equipment; and

h) Such further and other relief as the Court deems necessary.

**JURY DEMAND**

Plaintiff and Class Members hereby demand a trial by jury.

Date: January 23, 2021

                                                Respectfully Submitted,

                        By: /s/ Richard Shenkan
                            Richard Shenkan

**SHENKAN INJURY LAWYERS, LLC.**
Richard Shenkan
Pennsylvania Bar No. 79800
P.O. Box 7255
New Castle, PA 16107
(800) 601-0808 (phone)
rshenkan@shenkanlaw.com

**HIRALDO P.A.**
Manuel S. Hiraldo, Esq.
(*pro hac vice* forthcoming)
Florida Bar No. 030380
401 E. Las Olas Boulevard
Suite 1400
Ft. Lauderdale, Florida 33301
mhiraldo@hiraldolaw.com
Telephone: 954.400.4713

**THE LAW OFFICES OF JIBRAEL S. HINDI**
Jibrael S. Hindi, Esq.
(*pro hac vice* forthcoming)
Florida Bar No. 118259
110 SE 6th Street
Suite 1744
Ft. Lauderdale, Florida 33301
Email: jibrael@jibraellaw.com
Telephone: 954-628-5793

**IJH LAW**
Ignacio J. Hiraldo
(*pro hac vice* forthcoming)
Florida Bar No. 56031
1200 Brickell Ave

Suite 1950
Miami, FL 33131
Email: ijhiraldo@ijhlaw.com
Telephone: 786.469.4496
*Counsel for Plaintiff and the Class*